ALLÉN & SMALL *v*. ANSON FISKE.

.[IN CHANCERY.]

*License. Spring. Aqueduct.*

It being found in this case that the orators or their grantors laid the aqueduct to the spring in question on the defendant's land, under a license of the defendant, it followed that as the aqueduct had decayed and must be rebuilt to be of any value, the defendant might revoke the license and end the rights of the orators under it.

BILL IN CHANCERY. The case was heard upon the bill, answer and testimony, at the March term, 1869, STEELE, chancellor, and the bill was dismissed, from which the orators appealed. The substance of the bill and answer, and the facts established by the testimony, are stated in the opinion.

*George N. Dale,* for the orators.

*Ray & Ladd,* for the defendant.

The opinion of the court was delivered by

WILSON, J. The bill sets forth among other things, that Fiske, Denison and Small entered into a verbal contract in February, 1856, by which Fiske agreed that the water of his spring could be perpetually used by them equally, upon the terms that said Denison should enter and lay down a good and sufficient aqueduct to convey the water from the spring to his house, and put a penstock into the aqueduct in Fiske's pasture to supply his cattle when needed; that said Small should lay down a good and sufficient aqueduct to convey the water about fifty-four rods in the direction of his residence and that of said Fiske; that said Denison and Small should at all times keep in sufficient repair their respective portions of said aqueduct as aforesaid, and that in consideration thereof each of them was to have one third of the water of said spring as appurtenant to his premises as long as he should keep his said portion of said aqueduct in good and sufficient repair. The bill also alleges that the orators, or their grantors, laid the aqueduct according to the terms of said contract. The answer denies the material allegations of the bill. It states that the defendant made an offer to Denison and Small to let them take water from the spring, upon the terms that they would each lay down the aqueduct in the proportions stated in the orators' bill of complaint, but that his offer contained a further condition, that is, the said Denison and Small should put in and maintain a trough in his pasture to supply his cattle with water; that he would not enter into the proposed contract upon any other terms; that the parties separated, and did not agree upon a contract; but that af-

terwards Denison and Small went on and laid the aqueduct, and that he supposed they had acceded to his terms. The answer denies that the orators, or their grantors, have complied with the terms on which he offered them the water, or with the terms upon which the bill alleges they could have it. The bill proceeds mainly upon the ground of contract, and on this ground the orators pray for specific performance. To entitle the orators to the relief prayed for, the evidence of the alleged contract must be positive, clear and satisfactory.

We do not find the evidence sufficient to establish the allegations in the bill, and can make no decree for specific performance on the ground of contract without making a contract for the parties. The orators do not agree as to what the contract was, and no two witnesses agree as to the terms of a writing which was at one time drawn up, but never executed. Propositions were made by the parties, but it does not appear that their minds ever met as to the terms of a contract. From the acts of the orators, as disclosed by their testimony, it is quite clear they never accepted the terms of the defendant's offer, and it is doubtful whether the orators would be bound to perform such a contract as they claim was made.

It would seem that the orators went on under license and laid the first aqueduct; they have used and enjoyed the water until that aqueduct became decayed and useless, and have received the full benefit of that expenditure. It does not appear that the orators, or their grantors, have done any thing they would not have done for the use of the spring and water during the time the first logs and aqueduct lasted, consequently they can not claim that the defendant's refusal to allow them to relay an aqueduct there will deprive them of any right, or prejudice any right they acquired under the license, for they never acquired any such right.

Treating the transaction between the parties as a license merely, a court of equity will not interfere where it appears that the licensees are permitted to enjoy the full benefit of their expenditure under the license. It was competent for the defendant to revoke the license, and the revocation would take effect and end the rights

of the orators under the license when they had received the use and benefit of the first aqueduct.

This the defendant did by giving the orators notice that they could not have the water any longer than the first aqueduct should last, and that they must not proceed to put down new logs or a new aqueduct.

The decree of the chancellor dismissing the bill is affirmed, without costs of the court of chancery, and the cause is remanded to that court, to be disposed of accordingly.