## WILLIAM BLAINE *v.* ALEXANDER RAY.

*Prescription; when verbal grant becomes absolute by.*
*Aqueduct.*

1. When one enters upon the premises of another and takes water from a·
spring thereon situate for more than fifteen years continuously, under
a verbal gift of the water so taken, he thereby acquires an absolute
right to the extent of such use.
2. And in such case he may lay down a new and different conduit, provided·
he takes no more water through it.

This was a bill in chancery, brought to restrain the defendant
from interfering with a certain spring and aqueduct by means of·
which water was taken from and across the land of the . defend-
ant to the land of the orator. The case was heard on bill,.
answer and master's report, at the June Term, 1888, Rowell,
Chancellor.

The parties occupied adjoining farms. The orator claimed·
title under one Somers, and the defendant under one Lackie..
With reference to the circumstances under which the water was
first taken the master found:

"In the fall of 1856, William Lackie was the owner of the
Lackie farm, and Bartholomew Somers of the orator's farm ;·
they had owned and occupied their respective farms for some
years. The location of the spring was used by Lackie as a mow
field, and was a wet, marshy place, that would be improved by·
draining and made more valuable for grass. Its location was
such that if water could be got, it could conveniently be con--
ducted to Somers' buildings, but could not to Lackie's. There·
was no living spring, no surface water or flow of water. Lackie,.
of his own accord, informed Somers that he thought a supply of·
water could be procured by. digging in this wet place ; and told
him if he would dig there and find water he might lay logs and
conduct it to his barn-yard, and that he might have the water·
Somers, a little later and before doing anything about the water,.

asked Lackie for a deed of it; Lackie said he didn't need any deed; if he could find water he might have it; there would be no trouble about it. No deed or written contract of any kind was made between them. Nothing was said as to the time Somers could have the water. From Somers' testimony and subsequent acts, I find he supposed he got title to the water, but I have reported in substance all the facts from which he deducted that conclusion. In accordance with the above arrangement, the same fall Somers dug and stoned up a well six or eight feet deep, found a good supply of water, laid logs and conducted the water through the Lackie land, about eight rods, and across the road into a trough or tub in his yard just below the road; he did this at an expense of about $10, on Lackie's land, and at an expense in all of about $15."

Somers conveyed to the orator in 1858, and from that time until 1885 the orator continued to take the water through the log aqueduct as at first laid, going upon the defendant's land each year for the purpose of cleaning out the spring and doing whatever was necessary to maintain the flow. The defendant took a conveyance of his farm December 24th, 1870, but the master did not find at what time he bargained for and took possession, the evidence on that point being conflicting.

In 1885 the orator wished to change the location of the water trough upon his premises, and in the course of these changes laid a lead pipe inside the logs across the land of the defendant. Thereupon, November 30th, the defendant cut off the supply of the orator, and this bill was brought December 4th.

The Chancellor decreed:

" That the orator hath acquired and has a prescriptive right to take water from the well of water mentioned in the report, to the same amount and in the same manner across the defendant's land, that he was used and accustomed to take it before he laid the lead pipe in the fall of 1885, except that he may take it in any proper conduit that will not be more burdensome to the defendant's land than the log conduit so long used. And the

Blaine v. Ray.

defendant and all acting or claiming under him are hereby perpetually enjoined from interfering with the orator, his heirs and assigns, in the full and free enjoyment of said right;" from which the defendant appealed.

*Ide & Stafford*, for the orator.

The orator enjoyed the uninterrupted use of this water for more than fifteen years. Hence the only question is whether that enjoyment was under a claim of right. *Arbuckle* v. *Ward*, 29 Vt. 52 ; *Pope* v. *Henry*, 24 Vt. 560.

In this case the use was in pursuance of an absolute gift of the water, and the subsequent enjoyment was in perfect accord with such absolute title. Poland, Ch. J., in *Tracy* v. *Atherton*, 36 Vt. 514 ; *Kimball* v. *Ladd*, 42 Vt. 756 and 7; Peck, J., in *Perrin* v. *Garfield*, 37 Vt. 310.

*Bates & May*, for the defendant.

Under the facts in this case the original right of the grantor of the orator was a license to go upon the defendant's land and lay this aqueduct. In such a case the decisions in this State hold that, so long as the aqueduct first laid lasts, the license is not revocable, although resting in parol, and that the licensee may go upon the land of the licensor for the purpose of repairing the original aqueduct. *Clark* v. *Glidden*, 15 At. Rep. 358–61 Vt. ; *Baldwin* v. *Aldrich*, 34 Vt. 526 ; *Allen* v. *Fiske*, 42 Vt. 462 ; *Houston* v. *Laffee*, 46 N. H. 505 ; *Morse* v. *Copeland*, 2 Gray, 302 ; *Johnson* v. *Skillman*, 29 Minna. 95 ; S. C. 43 Am. Rep. 192 and note ; *Cowles* v. *Kidder*, 24 N. H. 364 ; 55 N. H. 423 ; 11 Met. 251 ; S. C. 45 Am. Dec. 203.

The acts of possession were all acts which the orator had the right to do under the original license, hence they must be referred to such license, and the orator can gain by them nothing more than the license. Hence the orator had no right to lay down the new aqueduct. *Partch* v. *Spooner*, 57 Vt. 583 ; *Wells* v. *Austin*, 59 Vt. 165.

The opinion of the court was delivered by

Ross, J.   The master finds that the defendant's grantor told
the orator's grantee that if he would dig at the place pointed out
and find water, he might lay logs and conduct it to his barnyard,
and that he might have the water.   He further finds that the
orator's grantor did so dig and find water, laid the logs and con-
veyed the water to his premises, understanding that the right to
take the water, as he had begun to take it, had been given to
him ; that the orator and his grantor, under this right and claim,
continued to take the water in the manner entered upon, uninter-
ruptedly, openly, for more than fifteen consecutive years.   This
was an open, continuous exercise of adverse right, under the
claim of ownership, for a sufficient length of time to give the
orator prescriptive title to it.   It does not matter that the defend-
ant and his grantors did not all, or any of them, know that the
orator and his grantor claimed to own the right to take the water
by gift.   The orator and his grantor were in the continuous use
of the right.   The defendant's grantor, Lackie, who told the
orator's grantor that if he found water and conveyed it to his
premises he might have the water, knew, or ought to have known,
that he had given the orator's grantor the right to take the water
as the owner thereof.   If Lackie's grantee, or any of the subse-
quent owners of the defendant's premises, did not know that the
orator and his grantor claimed to be in the exercise of the right
as owners, they knew, or ought to have known, that they were in
the enjoyment of the right, or easement, and so were put upon
inquiry in regard to the title or claim under which the orator and
his grantee were exercising the right.   If they had inquired they
would have learned that the occupants were occupying as owners,
and in law they are bound by the knowledge which they would
have acquired by inquiry.   Hence the orator and his grantor's
occupancy or enjoyment of the easement or right was adverse,
continuous, open and notorious, and, under a claim of ownership,
and at the end of fifteen years, ripened into an absolute title to
the easement, or right, as perfect, in law, as it would have been
if Lackie had conveyed the same to the orator's grantor by a duly

Blaine *v.* Ray.

executed deed. The defendant's solicitor contends that the enjoyment of the right or easement by the orator and his grantor was under a license which was revocable when the old log aqueduct became worn out. If the master had found that the defendant's grantor, Lackie, gave the orator's grantor only the right to take the water for the time being, and that the license so given was revocable at the pleasure of Mr. Lackie, then the contention of the defendant's solicitor would be sustained by the decisions of this court; but the master has not so found, but has found that Mr. Lackie used such language that the orator's grantor had the right to understand, and did understand, that he was acquiring the right by gift to take the water for all time, as owner. The right acquired by the adverse use was co-extensive with the right which the orator and his grantor entered upon and continuously exercised for fifteen consecutive years. On the facts found by the master, the orator is entitled to hold the decree granted by the Court of Chancery.

*The decree is affirmed and the cause remanded.*