DARWIN W. COOLEY *v.* DEFOREST W. HATCH, B. B. TILLOTSON, AND SWANTON SAVINGS BANK AND TRUST COMPANY.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed January 17, 1917.

*Equity—Bills for Specific Performance—Pleading—Oral Contracts for Sale of Land—Statute of Frauds—Chancery Rules —Setting Down Plea for Hearing—Evidence—Exceptions —Appeals—Annulment of Decree—Exceptions of Appellee —When Specific Performance of Oral Contract for Sale of Real Estate will be Decreed—Acts Taking Case Out of Statute—Burden of Proof—Amendment.*

In a bill in equity brought to enforce specific performance of an agreement for the sale of land, it is sufficient to allege generally that an agreement was made for the sale of the land in question, without stating whether it was in writing or not; for it is presumed that it was in writing until the contrary appears.

Where it is stated generally in a bill to obtain specific performance that an agreement was made for the sale of land, the defence of the Statute of Frauds may be set up by plea, but the benefit of the Statute must be claimed therein.

A plea in chancery, not supported by affidavit or certificate of counsel, as required by Chancery Rule 13, may be disregarded by the plaintiff, and need not be set down for hearing by him as provided in Chancery Rule 16.

Where, in a suit in equity to enforce specific performance of an agreement to convey real estate, the agreement as set up in the bill is not admitted in the answer in all its essential terms, the benefit of the Statute of Frauds may be had by defendant by exception to evidence offered not meeting the requirements thereof.

An appeal by appellant from a decree rendered in a suit in equity, vacates and annuls the decree and takes the whole case to Supreme Court; and it follows the exceptions taken by appellee to the report of the master are before the Supreme Court for consideration as a part of the record upon which the decree, so vacated and annulled, was based.

While the mere payment of the contract price by the purchaser in an oral contract for the sale of land is not sufficient to take the contract out of the Statute of Frauds, yet when the purchaser pays the whole or part of the purchase money, and enters into possession of the premises, or does acts, relying upon the agreement that place him in such a position that the refusal by the seller to execute the contract on his part will operate to his prejudice and injury beyond the payment of the money, so that the repayment of the money, or the recovery of it, will not be an adequate remedy, such acts will take the case out of the Statute and warrant a court of equity in decreeing a specific performance of the contract.

In a suit in equity to obtain specific performance of an oral promise to convey real estate, the burden is upon the plaintiff to show that in reliance upon such agreement, and to the knowledge of defendant he has done such acts in part performance, as will take the case out of the Statute of Frauds and warrant the court in decreeing specific performance; and where the court cannot say, from the facts reported, that such acts have been performed by plaintiff, the decree will be refused.

Where, in a suit in equity to obtain specific performance of an oral promise to convey real estate, it appears from facts found but not set up in the bill of complaint that there have been acts of part performance such as in equity would warrant a decree of specific performance notwithstanding the statute, (and the plaintiff's case be otherwise made out,) the bill may be amended, so as to include these facts, in order to prevent a miscarriage of justice.

APPEAL IN CHANCERY.   Bill to enforce specific performance of an agreement for the sale of real estate.   The defendants filed a demurrer, as a part of their answer, upon the ground that the plaintiff had an adequate remedy at law.   The demurrer was overruled *pro forma,* the benefit thereof being reserved to the defendants.   Heard on the bill, answer and report of a special master, and exceptions thereto by both parties, in vacation after the September Term, 1915, Washington County, *Waterman,* Chancellor.   *Pro forma* decree, overruling orator's exception, and dismissing the bill with costs.   The orator appealed.   The opinion fully states the case.

*Theriault & Hunt,* and *Edward H. Deavitt* for the orator.

*E. A. Ayers* and *H. C. Shurtleff* for the defendants.

WATSON, J. The object of the bill is to obtain specific performance of a parol agreement for the sale of land. The bill alleges that on the first day of October, 1913, the defendant Hatch was, and for some time prior thereto had been, the owner in fee (subject to a mortgage to the defendant Swanton Savings Bank & Trust Company) of certain lands in the town of Highgate, this State, known as the Highgate Springs Point property, being about ten acres, more or less; that at Highgate on the second day of said October, the plaintiff agreed with Hatch, through his agent, that the plaintiff would forthwith furnish him a Douglass pump and engine, erect the foundations for the same on land of Hatch not here in controversy, place the pump and engine on such foundations, connect the discharge pipe of the pump with the pipes then already installed, and the plaintiff then agreed to perform such agreement as soon as he completed a contract with the Eastern Talc Company for the construction of a railroad in the town of Rochester, this State, in which the plaintiff was then engaged and which it was understood would be completed in two or three months thereafter, and that Hatch desired said engine and pump to be installed so that they might be used in the spring following; and that in consideration of said agreement of the plaintiff and of an agreement for the payment of two hundred and fifty dollars in cash by him to defendant Hatch, and the removal of a cottage building from the premises in controversy to a point designated at the time on other land of said Hatch, the latter agreed to convey to the plaintiff, by good and valid warranty deed, free from any encumbrance, certain portion of the ten-acre track known as Shipyard Bay described as follows (setting out the boundaries): The defendants demurred to the entire bill, the only ground of demurrer specified being that the plaintiff had an adequate remedy at law. The demurrer was overruled *pro forma* and the bill adjudged sufficient, the benefit of the demurrer being reserved to the defendants until the final hearing and decree. By the final decree, the bill was dismissed with costs, *pro forma* and without hearing, from which the plaintiff appealed.

The defendants rely upon the demurrer as reserved; but we think it must be overruled. The bill sets forth generally that an agreement was made for the sale of the land in question,

without stating whether it was in writing or not. It was not necessary to allege that it was in writing, for this is presumed until the contrary appears. Section 1 of the Statute of Frauds affects only the rules of evidence, and not those of pleading. This is so held in actions at law. *Montgomery* v. *Edwards,* 46 Vt. 151, 14 Am. Rep. 618. In that case 1 Chitty's Pleadings, at page 304, is cited. There Mr. Chitty states the same rule of pleading to be true in a declaration at law, or a bill of equity. Mr. Browne states this to be the settled law of this country. Browne, St. Frauds, 622. And it was held to be applicable to a bill in equity by Chancellor Walworth in *Cozine* v. *Graham,* 2 Paige, Ch. (N. Y.) 177.

When it is stated generally that an agreement or contract was made, the defence of the Statute of Frauds may be set up by plea, as the defendants undertook to do in this case, but failed as no claim of the benefit of the statute is made therein. *Battell* v. *Matot,* 58 Vt. 271, 5 Atl. 479. The plea alleges that the contract, which the plaintiff asks to have specifically enforced, was a contract for the sale of lands, and that it was not in writing, and that if it was made with the agent of defendant Hatch, the authority of the agent was not in writing. It seems from the record that this plea was disregarded by the plaintiff; and it is urged by defendants that by force of Chancery Rule 16, the truth of the plea was admitted. This rule provides that the plaintiff shall set down a plea for hearing, or take issue thereon, within ten days after it is filed, in default of which he shall be deemed to admit the truth and sufficiency thereof, and the bill shall be dismissed as of course. The plea was supported by the affidavit of the defendants that it was true in fact; but the affidavit did not state that the plea was not interposed for delay, nor did their counsel certify that in his opinion it was well founded in law. By Rule 13 no plea shall be filed unless supported by such an affidavit, and on such a certificate of counsel. Since the plea was thus fatally defective and irregularly filed, it may well have been disregarded on that account. *Central Nat. Bank* v. *Conn. Mut. Life Ins. Co.,* 104 U. S. 54, 26 L. ed. 693; *Sheffield Furnace Co.* v. *Witherow,* 149 U. S. 574, 37 L. ed. 853, 13 Sup. Ct. 936.

The agreement alleged in the bill is admitted in the answer, except as to one of its terms, namely, the time when the plaintiff was to install the pump and engine, which (on the face of the

pleadings) the parties seem to have made an essential part of the contract. In this respect, the agreement set up in the bill is denied in the answer. At the hearing before the master, parol testimony was introduced by the plaintiff in making out his case, and on such testimony the contract was found substantially as alleged in the bill. All such testimony was objected to by defendants on the ground of the Statute of Frauds, and exception saved. The plaintiff's contention in connection therewith was, that the question of the statute was not raised by the pleadings. This exception, if available, must be sustained. Since the answer did not admit the agreement set up in the bill in all its essential terms, the benefit of the statute may be had by exception to evidence offered not answering the requirements thereof. *Battell* v. *Matot,* cited above; *Scofield* v. *Stoddard,* 58 Vt. 290, 5 Atl. 314; *Chickering* v. *Brooks,* 61 Vt. 554, 18 Atl. 144; *Pocket* v. *Almon,* 90 Vt. 10, 96 Atl. 421. The decree below was ''on the pleadings, report of the master, and exceptions of the parties filed thereto,'' and was ''strictly *pro forma* and without hearing that the orator's exceptions to the master's report be overruled, and that the bill be dismissed with costs.'' It is argued that since the defendants did not appeal they are not entitled to be heard on questions raised by their exceptions filed to the report. Yet the appeal of the plaintiff vacated and annulled the decree, and took the whole case to this Court. *Gale* v. *Butler,* 35 Vt. 449; *In re Chickering,* 56 Vt. 82. It follows that the defendants' exceptions to the report are here for consideration, as a part of the record upon which the decree vacated and annulled by the appeal, was based. *Coleman* v. *Aldrich,* 61 Vt. 340, 17 Atl. 848.

The record shows that the plaintiff paid part of the money to be paid by him under the terms of the contract. The record further shows that prior to the making of the agreement in issue, the plaintiff had an oral contract with defendant Hatch and one Borden, the two latter then being in partnership, for the erection of a pump and engine in Shipyard Bay, and the conveyance of the lot in question to the plaintiff; that while this contract was pending the partnership was dissolved and Hatch refused to permit the plaintiff to carry out the contract which the former partner had made for the firm; and that to effect an adjustment of that contract, on which the plaintiff was pressing Hatch, the agreement in issue was entered into as a substitute

therefor.  Nothing more concerning the former contract is re-
ported.  The plaintiff contends that here was such a settlement
and adjustment of his claim and surrender of his rights under
the earlier contract that now to permit Hatch to set up the
Statute of Frauds would make that statute an instrument of per-
petrating, rather than preventing, frauds; and that he is in
equity estopped from doing so, for the plaintiff cannot be placed
*in statu quo* as respects that contract.  In support of this con-
tention reliance is placed upon the doctrine laid down in *Stark*
v. *Wilder,* 36 Vt. 752, as well settled, that the mere payment of
the contract price by the purchaser, is not sufficient to take the
contract out of the statute; but that where the purchaser pays
the whole or part of the purchase money, and enters into the
possession of the premises, or does acts, relying upon the agree-
ment, that place him in such a position that the refusal by the
seller to execute the contract on his part, will operate to his
prejudice and injury beyond the payment of the money, so that
the repayment of the money, or the recovery of it, will not be
an adequate remedy, then such acts will take the case out of the
statute, and warrant a court of equity in decreeing a specific
performance of the contract.  The same principle is stated by
the Supreme Court of the United States as follows: "If the
parol agreement be clearly and satisfactorily proven, and the
plaintiff, relying upon such agreement and the promise of the
defendant to perform his part, has done acts in part performance
of such agreement, to the knowledge of the defendant—acts
which have so altered the relations of the parties as to prevent
their restoration to their former condition—it would be a virtual
fraud to allow the defendant to interpose the statute as a de-
fence and thus to secure to himself the benefit of what has been
done in part performance." *Riggles* v. *Erney,* 154 U. S. 244,
38 L. ed. 976, 14 Sup. Ct. 1083.  The trouble about applying the
foregoing principle of law to the case in hand is, that the court
cannot say from the facts reported, regarding the former con-
tract, that if defendants are allowed to take advantage of the
statute in defence, the adjustment of that contract by the agree-
ment in issue has so altered the relations of the parties as to pre-
vent the plaintiff's being restored to his former condition.  The
plaintiff, seeking relief upon the ground of his having in part
performed the agreement, has the burden of showing his acts of
part performance to be sufficient to the proposed end.  Browne,

St. Frauds, § 493; *Phillips* v. *Thompson,* 1 Johns. Ch. (N. Y.) 131.

We have considered the question last named, though based on facts outside the bill, because, if the acts of part performance there discussed be deemed such as in equity to warrant a decree of specific enforcement of the agreement notwithstanding the statute, (and the plaintiff's case be otherwise made out,) the necessary amendment of the bill would be permissible, to prevent a miscarriage of justice.

*Pro forma decree affirmed and cause remanded.*