GEORGE HUNT *v.* MERTON E. SPAULDING ET UX.

May Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON and SHERBURNE, JJ.

Opinion filed October 6, 1936.

*W. E. Tracy* for the defendants.

*Clifton G. Parker* for the plaintiff.

SLACK, J. This is a bill for specific performance of a contract for the sale by defendants to plaintiff of certain land and the buildings thereon located in the town of Morristown, this State. The bill alleges that by reason of, and relying upon, such

contract, the terms of which are therein set forth, the plaintiff took, and has ever since retained, possession of such property, and has expended large sums of money thereon for repairs and permanent improvements, and has purchased adjoining land to which he has no access except over the land in question; that he has performed and offered to perform all obligations imposed upon him by such contract, but that defendants refuse to perform the obligations thereby imposed upon them, and now threaten to take such measures as may be necessary to regain possession of the premises. The defendants filed an answer and a cross bill. In the former they deny the making of such contract, and allege that at the time the plaintiff claims it was made he was, and still is, in possession of such property as their tenant, and not otherwise, and that his rent is long overdue, etc. The cross bill prays for an accounting, an order for the immediate payment of the rent in arrears and a writ of possession. Plaintiff filed a general replication to defendants' answer and an answer in the nature of a general denial to their cross bill. The case was heard on the merits by a chancellor who found and stated the facts and a decree was entered thereon for plaintiff. The defendants appealed.

 In their brief, defendants challenge the ruling of the court admitting oral evidence to establish the alleged contract, and the finding that "the relations of the parties have been so altered (relying on such contract) as to prevent their restoration to their former condition" on the ground that there was no evidence to support such finding. But these questions are not before us. It does not appear that any attempt was made to raise the latter question in the court below, and all that the record shows regarding the other is a statement in the findings to the effect that oral evidence was admitted, subject to defendants' exception that it was inadmissible because the "agreement was parol," and the further statement that the transcript is referred to "for the purpose of reviewing the questions raised by the exceptions at the trial." This, alone, was not enough to save the latter question. The members of the profession should understand by this time that under our present practice exceptions taken in the trial of chancery cases to be available must be embodied in a bill of exceptions signed and filed in compliance with the requirements of P. L. 1269 and 2068. We have said this in at least five cases decided in the last few years. See *Gray*

312

v. *Brattleboro Trust Co.*, 97 Vt. 270, 122 Atl. 670; *Fire District, etc.* v. *Graniteville Spring Water Co.*, 102 Vt. 511, 150 Atl. 459; *Clifford* v. *West Hartford Creamery Co.*, 103 Vt. 229, 153 Atl. 205; *Stevens* v. *Flanders*, 103 Vt. 434, 154 Atl. 673, and *Vilas* v. *Seith*, 108 Vt. 18, 183 Atl. 854. This was not done in the instant case, consequently the exceptions to the admission of evidence are not here. But if they were, they are without merit. One in possession of real estate under an oral contract for the conveyance of same to him who has made substantial improvements thereon, or cannot for other reasons be placed *in statu quo*, is entitled to specific performance of such contract, *Gove* v. *Gove's Admr.*, 88 Vt. 115, 92 Atl. 10; *Page* v. *Cave et al.*, 93 Vt. 190, 106 Atl. 774, and it must be established, of course, by oral evidence.

■ No question is made but that the decree was warranted by the pleadings and supported by the findings, the only question debatable under the appeal. *Gray* v. *Brattleboro Trust Co., supra, Clifford* v. *West Hartford Creamery Co., supra.*

*Decree affirmed and cause remanded.*