ANNA J. GOULD *v.* ESTATE OF MARGARET C. COLEMAN ET AL.

October Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 8, 1944.

*Lindley S. Squires* and *Frank E. Barber* for the plaintiff.

*Lawrence & O'Brien* for the defendants.

STURTEVANT, J. This is a bill for specific performance. The Chancellor sustained the defendants' demurrer and the plaintiff excepted. The case is here under the provisions of P. L. 2072 as amended by No. 34 of the Acts of 1941, for the determination of a single question, namely; are the facts alleged in the bill sufficient to give a court of chancery jurisdiction of this action?

Among others, the bill contains the following allegations. Margaret C. Coleman was the plaintiff's sister and the wife of William T. Coleman. Margaret deceased at Rutland, February 12, 1941, and her husband died there, March 13, of that year. The defendants are the Administrators of both of the Coleman estates. For several years the Colemans lived in Paris, France, where William was engaged in business. Failing health caused him to resign his position in 1928 and at Margaret's request the Colemans came to the plaintiff's home on Pine Street in Rutland and resided there

with the plaintiff and her husband until the latter's death in 1932. During that time Margaret many times expressed a desire to the plaintiff that the Colemans might permanently make their home with the plaintiff, but no definite arrangement concerning that matter was made until after the death of the plaintiff's husband in October, 1932. Margaret then knew that she was afflicted with arthritis, diabetes and arteriosclerosis and she understood the seriousness of her condition. She knew that she would require constant care and attention during the remainder of her life and that she could not get these from her husband. In the Fall of 1932, Margaret, desiring the companionship, affection, care, attention and consideration which she well knew the plaintiff could bestow upon her, requested the plaintiff to permit her and her husband to live in the plaintiff's home and she requested the plaintiff to give her constant care and attention, be her companion, supervise her nursing and medical care, go with her and be with her at all times and constantly attend to her needs and comfort as she might require during the remainder of her life. To compensate the plaintiff therefor, Margaret offered to leave to her all the property, both real and personal, which she, the said Margaret, should own at the time of her decease. The plaintiff accepted that offer and has faithfully performed her part of the contract.

The Pine street house which was rented by the plaintiff was not suitable as a place where Margaret could be properly cared for. As a further consideration for the plaintiff's promises, Margaret stated that she would purchase a comfortable and convenient home for the plaintiff and that this would be the plaintiff's property at Margaret's death. In compliance with this agreement, in July of 1934, Margaret purchased a house at 21 Cottage street in the City of Rutland and same was paid for with money belonging to Margaret which her husband then had under his control and he caused the title thereto to be taken to himself and Margaret as tenants by the entirety. Immediately after such purchase, Margaret and the plaintiff began moving the plaintiff's belongings into that house where they have since remained, but, because of the eccentric habits of William, the moving was discontinued and the house remained unoccupied until May of 1940 when the plaintiff moved in all her furniture and ever since has lived there and been in possession of the premises. A considerable amount of repairing was done on the house soon after its purchase and this was paid for

in part by money belonging to the plaintiff and the balance was paid for by Margaret with money belonging to her. At all times here material the plaintiff has claimed that home as her own, which fact was well known to the defendant Keale and in recognition of that claim he has promised that as administrator of William's estate he would deliver to her a deed of the premises but he has failed so to do.

When the aforementioned agreement was made in 1932, the plaintiff was without funds for carrying out the terms thereof, which fact was known to Margaret. Without in any way limiting her other agreement, Margaret agreed to pay the plaintiff $15.00 per week toward expenses of buying food and maintaining the home, which she did excepting during the latter part of her life when she was physically unable to do so. Such payments by Margaret and the further sum of $15.00 per week paid by William for his food were not sufficient to maintain the home and provide Margaret with proper care in accordance with the terms of the contract, and by reason thereof the plaintiff expended for such purposes her entire savings of about $2,000.00 and also went into debt for a large amount.

The plaintiff has been unable to find any will left by Margaret. The personal property standing in her name at the time of her decease is inventoried in her estate at $82,532.34. Property in William's estate as inventoried by the defendants amounts to about $380,000.00.

The plaintiff informed the defendant Keale of her contract with Margaret and he told her that Margaret left no estate other than some diamonds, the Cottage street house which the administrators would deed to her and a deposit of $3,505.20 in the Rutland Savings Bank, which would be paid to her. Relying upon these statements the plaintiff did not then make further inquiry and did not learn the inventoried value of Margaret's estate until about two years after Margaret's death. Certain property belonging to Margaret has been included in the William T. Coleman estate inventory. It is also admitted that the alleged contract is not in writing.

The prayer in the bill contains a request that the contract alleged in the bill be enforced and, as a part thereof, the court decree the real estate at 21 Cottage Street in the City of Rutland to the plaintiff as an asset of the estate of the said Margaret.

A demurrer admits facts that are well pleaded. *Page* v. *Cave, Admr. et al,* 93 Vt 190, 193, 106 A 774. As to claims against the estate of a deceased person, P. L. 2834, so far as here material, states as follows. "The commissioners may try and decide upon claims which by law survive against or in favor of executors or administrators, except claims for the possession of or title to real estate, . . . ." P. L. 2849 (formerly G. S. Chapter 53, Sec. 15) provides that no action shall be commenced or prosecuted against the executor or administrator of the estate of a deceased person, except actions of ejectment or other actions to recover seisin and possession of real estate; and actions of replevin. *University of Vermont and State Agricultural College* v. *Baxter's Estate,* 43 Vt 645, 650. While the plaintiff has possession of the real estate in question, she does not have the legal title thereto. She is attempting to obtain that in the present action. She is also seeking the legal title to the personal property owned by her sister at the time of the latter's decease, all in accordance with the terms of the alleged contract. It is apparent that neither ejectment nor replevin is a proper remedy under the circumstances alleged in the bill. From the foregoing it follows that the plaintiff has no adequate remedy at law. The bill alleges that the plaintiff went into possession of the premises at 21 Cottage Street, in the City of Rutland, in May, 1940, has ever since remained in possession and claims to be the equitable owner thereof under the terms of the contract with her sister, Margaret. She has fully performed her part of the agreement and has expended money in making improvements on the real estate. Should the agreement fail to be carried out, the plaintiff can not be placed in *statu quo.* Under such circumstances she is entitled to specific performance of the contract. *Hunt* v. *Spaulding et ux,* 108 Vt 309, 312, 187 A 379; *Page* v. *Cave et al,* 93 Vt 190, 194, 106 A 774; *Gove* v. *Gove's Admr.,* 88 Vt 115, 117, 92 A 10. The fact that the plaintiff is seeking to obtain a decree giving to her legal title to both real estate and personal property does not alter the situation. *Page* v. *Cave et al, supra; Fowler* v. *Sands,* 73 Vt 236, 238, 50 A 1067.

*The decree sustaining the defendants' demurrer upon the grounds that the bill does not allege facts which entitle the plaintiff to relief in equity and that she has a plain, complete and adequate remedy at law, is reversed and cause remanded.*