# Nathan R. Towsley v. Champlain Oil Company, Inc.

[ 254 A.2d 440 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Keyser, JJ., and Daley, C. Supr. J.

Opinion Filed May 6, 1969

*Ryan, Smith & Carbine* for the Plaintiff.

*Black, Wilson, Curtis & Bryan* for the Defendant.

**Barney, J.** The plaintiff, believing he had struck a sound bargain, proposed to carry it out against the wishes of the defendant. To accomplish this, he brought a petition in equity asking for specific performance in his favor as seller against the defendant as buyer. Although the lower court gave him some relief, as will presently appear, specific performance was denied. The defendant appealed the relief granted and the plaintiff is here arguing his claim for specific performance.

The controversy centers around negotiations for the purchase of the plaintiff's filling station property, carried on between the plaintiff and a salesman employed by the defendant. The bargaining culminated in the plaintiff's affixing his signature to a sale contract prepared by the defendant's attorneys at its direction, and containing such terms as the defendant wished to incorporate. As well as fixing the sale price, the contract provided for the exchange of deed and consideration to be deferred for five months, with the defendant paying $200.00 a month rent for the station during that time. These rental payments were to apply on the purchase price of $18,000.00. During this period, and a little beyond, activities were carried on in connection with the impending sale by both parties, with no indication that the transaction would not be consummated. However, the contract was never executed by an authorized agent of the defendant or returned to the plaintiff, nor was any rent ever paid.

The plaintiff sought relief in equity. To maintain his action, he was required to establish, initially, the existence of a contract with the defendant. Since the defendant was relying on the applicable provision of the Statute of Frauds (12 V.S.A. §181(5)) making oral contracts for the sale of lands subject to evidentiary exclusion, the plaintiff then needed two stages of equitable relief to prevail. First,

he had to convince the chancellor that equitable considerations justified taking the contract out from under the Statute of Frauds. Second, he then had to justify, as a seller, having this contract specifically enforced. The pleadings raised these issues, and required the chancellor to deal with the evidence offered relevant to them.

The chancellor found the salesman-agent empowered to bind the defendant to the lease, but not to the contract for sale of the land. On that basis recovery was allowed for the five months' rental, but no damages or enforcement on the land contract.

The defendant argues that the lease and the land sale agreement were but parts of a single transaction and a single contract. It urges that there was no authority in the agent to execute either one, and that therefore the whole instrument is unenforceable.

The chancellor found the lease enforceable because of apparent authority in the agent to bind the defendant to that agreement. Although he did not find the land sale arrangement likewise enforceable, his findings appear to turn his rejection on the lack of an authorized signature for Statute of Frauds purposes, rather than on any lack of a corresponding apparent authority in the agent for the land purchase.

With the findings silent on the issue relating to equitable relief from the Statute of Frauds, this case might appear to be open to the criticism found in *Potwin* v. *Tucker,* 126 Vt. 414, 418-419, 234 A.2d 430. However, an examination of the evidence presented shows otherwise.

The plaintiff was bound to introduce evidence supporting the proposition that insistence on the requirements of the Statute of Frauds would, in effect, be using that statute to promote, rather than prevent, a fraud. *Meach* v. *Stone,* 1 D.Chip. (Vt.) 182, 189. He had the burden of showing that acts of his, done in reliance on the agreement, known to the defendant, so altered the relations of the parties as to prevent restoration to their former condition. *Cooley* v. *Hatch,* 91 Vt. 128, 133, 99 A. 784.

The only evidence presented in implementation of this requirement fell into two general categories. The first related to activities in preparation for the proposed transfer of title in November. These included arrangements to discharge incumbrances at the time of sale, verification of the bounds of the lot by measurements with a tape, and the like. These duties, though perhaps troublesome, belong

to that class of responsibilities that fall into the lot of any prospective seller of real estate, and are not, as evidenced in this case, the kind of imposition supporting the equitable relief sought.

The second category of evidence related to the time period between June 15, 1965 and November 15, 1965, when title was to pass. The plaintiff testified that, from the time in June when he agreed to sell, onward, he felt himself barred from seeking to lease or sell the property elsewhere. Although he stated such opportunities had presented themselves, the nature of them or their monetary measure was not disclosed.

In a different case, this kind of disadvantage might be of weight on the issue of raising the bar of the Statute of Frauds. But it must be remembered that, in this case, the delay was part of the bargain agreed to by the plaintiff, to be compensated for by rental payments. The plaintiff's situation after he signed the written agreement was very like the position of one who has given an option. He understood he was bound to sell at the established price at the agreed time. His own testimony showed that he understood that the transaction required confirmatory approval by an appropriate officer of the defendant.

This delay was likewise a part of the bargain as far as the defendant was concerned. Indeed, the postponement was made for the convenience of the defendant and at its request. Certainly it is not for the defendant to say, in such a case, that it has not had the benefit of that bargain simply because it elected not to go through with the purchase of the land, when, in fact, the opportunity to buy was held open as provided in the lease. This would be to subject the lease to the provisions of the Statute of Frauds, without justification. Also, it would amount to that condemned practice of using the Statute of Frauds as an instrument of fraud. The argument that this contract is indivisible cannot be sustained in this context.

This lease agreement, therefore, makes the corresponding period of delay unavailable as a circumstance justifying equitable relief. With nothing else of substance in evidence on this issue, the findings and decree of the chancellor are justified.

*Decree affirmed.*