## Willie Begnoche and Helene Begnoche v. Wilson Lafar and Theresa Lafar

[322 A.2d 312]

No. 188-73

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed July 1, 1974

*Gravel, Shea & Wright,* Burlington, for Plaintiffs.

*Kissane & Heald Associates,* St. Albans, for Defendants.

**Daley, J.** The plaintiffs, Willie Begnoche and Helene Begnoche, brought a civil action in the Franklin County Court to remove an alleged cloud on title to part of their lands arising from a claim of ownership made by the defendants, Wilson Lafar and Theresa Lafar. This claim originated from an extended period of use of a sixteen-acre pasture lot, title to which is in the plaintiffs. The defendants, in their answer, filed a counterclaim in which they claimed that the plaintiffs had orally agreed to exchange the sixteen-acre pasture lot for a ten-acre mowing lot, title to which is in the defendants. The defendants prayed for a decree of specific performance to compel compliance with the alleged oral promise to convey on the part of the plaintiffs and their reciprocal promise to convey the smaller lot in exchange for the larger lot.

The cause was heard by the county court sitting without a jury. After making findings of fact which are not here challenged on appeal, the court concluded that title to the property in question is legally and equitably vested in the plaintiffs and denied the defendants the relief of specific performance.

On appeal to this Court, the defendants assign error to the county court's action in excluding evidence bearing upon the

defendants' willingness to perform their agreement to convey; the court's exclusion of evidence of a partnership relationship existing between the plaintiffs; and the conclusion by the court that the statute of frauds precluded either party from bringing an action at law.

At the outset we note that each of the defendants' claims of error is predicated upon the existence of an oral contract to convey the property in question. The existence of such a contract was required to be initially established by the defendants to maintain their counterclaim. *Towsley* v. *Champlain Oil Co.*, 127 Vt. 541, 542, 254 A.2d 440 (1969). However, the county court made no finding that such an oral contract existed. As was said by Chief Justice Moulton in *Cook* v. *Holden*, 113 Vt. 409, 413, 35 A.2d 353 (1944), an appeal from the dismissal of an action for specific performance:

> Since the burden was upon them [here, the defendants] to prove the agreement, the failure to find its existence is equivalent to a definite finding in favor of [here, the plaintiffs] upon the issue. *Partridge* v. *Cole*, 98 Vt. 373, 377, 127 A. 653; *Wright* v. *Godin*, 108 Vt. 23, 26, 182 A. 189. To warrant a decree for specific performance the contract must be established by positive, clear and satisfactory evidence. *Hill* v. *Bell*, 111 Vt. 131, 135, 11 A.2d 211; *Allen* v. *Fiske*, 42 Vt. 462, 464. It cannot be said that the evidence was of this quality.

The evidence in the case at bar relating to the understanding between the parties was, at best, conflicting. Upon such evidence the county court found the oral agreement of the parties to be for an exchange of land use only. The court found that the exchange of land use was for the accommodation of the defendants and that the plaintiffs never intended to sell the pasture land utilized by the defendants.

These findings are unchallenged by the defendants and are supported by the evidence. V.R.C.P. 52(a). Having failed to persuade the county court that the plaintiffs orally promised and agreed to sell or exchange the lands, part performance, readiness and willingness to perform and the other arguments of the defendants predicated upon the existence

of an oral contract to convey became irrelevant. The defendants have presented no reason to disturb the judgment below.

*Judgment affirmed.*