**Phyllis J. Jasmin v. John C. Alberico, et al.**

[376 A.2d 32]

No. 259-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed June 7, 1977

*Peter H. Banse* of *Bishop & Crowley*, Rutland, for Plaintiff.

*Corsones, Hansen & Griffin*, Rutland, for Defendants.

**Barney, C.J.**   In this case an action of ejectment became an action for specific performance. Title to premises now occupied by the defendants, the Albericos, is recorded in the name of the plaintiff, Phyllis Jasmin, and her deceased husband. She sought to evict the defendants as tenants at will. They resisted her action and brought a counterclaim for specific performance, alleging an agreement between the parties to convey title to the Albericos upon payment of $2,000.00.

The trial court heard the matter and denied the action for ejectment. Under the counterclaim, judgment was given for specific performance of the claimed agreement upon payment of $2,000.00. The matter is now here.

The plaintiff's basic challenge to the decision below centers on the lack of legal support for the result. It is her position that specific performance is not an available remedy in this situation. We must agree and accordingly reverse.

This decision is required even with full acceptance of the facts as found below. They disclose that the defendant, John Alberico, and plaintiff's deceased husband, Arthur Jasmin, were life-long friends. Arthur Jasmin was a successful businessman. In 1969, the house, the subject of the present controversy, became available at a modest price. John Alberico attempted to buy it.

Financing was refused by the bank involved, even though Arthur Jasmin was willing to co-sign a $2,000.00 note to cover the down payment.

When this occurred, Arthur purchased the house, which he proposed to deed to John whenever John repaid the $2,000.00 down payment. In the meantime the Albericos were to make the mortgage payments, including taxes, credit life insurance on the life of Arthur Jasmin, and water rent.

The Albericos moved in and worked, with the help of Arthur Jasmin, to make it liveable.

The arrangement was known to friends and relatives of both the Jasmins and the Albericos, but was never the subject of a writing. When Arthur Jasmin died, the mortgage was paid off by the proceeds of the insurance policy. Subsequently, John Alberico sought to pay to the plaintiff $2,000.00 and obtain a deed, but he was put off, and finally refused. The Albericos continued to pay the same payments to Mrs. Jasmin after Mr. Jasmin's death until August of 1972, although not always timely. Finally, this ejectment action was brought.

█ Given a contractual obligation dealing with that classically unique chattel, land, specific performance follows almost as a matter of course. *Sparrow* v. *Cimonetti*, 115 Vt. 292, 304, 58 A.2d 875 (1948). However, there are grounds for denying specific performance, even in the presence of a written contract, in that the granting of this particular kind of relief may produce an unsupportably inequitable result. *Brower* v. *Hill*, 133 Vt. 599, 602, 349 A.2d 901 (1975).

█ Where, as here, there is no such writing, the proponent of specific performance has a double burden. First, he has to establish an agreement enforceable in the face of the Statute of Frauds, 12 V.S.A. § 181. If that burden is met, his contract is still subject to the standards for specific enforcement. *Towsley* v. *Champlain Oil Co.*, 127 Vt. 541, 542-43, 254 A.2d 440 (1969).

The validation of an oral contract to convey real estate in spite of the prohibition against enforcement of the Statute of Frauds depends on the doctrine of part performance. The real issue is change of position by the one claiming relief in reliance on the oral agreement to such a measure that the parties cannot be restored to reasonable equivalence to their former condition. *Cooley* v. *Hatch*, 91 Vt. 128, 133, 99 A. 784 (1917). As that case

states, it is a requirement that the reliance be something beyond injury adequately compensable in money, since even the payment of part or all of the alleged purchase price will not take the contract out of the operation of the Statute.

The performance advanced here, as set out in the findings of the lower court, took several forms. The Albericos paid mortgage payments, taxes, and water and sewer assessments from May, 1969, to Arthur Jasmin's death on January 3, 1971. Their monthly payments included the premium on the credit life insurance that discharged the mortgage effective January 3, 1971.

This, the lower court said, taken together with the defendant's indication to Mrs. Jasmin that they were prepared to pay the balance of $2,000.00, represented sufficient partial performance to take the case out of the Statute of Frauds. The rule of the case of *Cooley* v. *Hatch, supra,* 91 Vt. 128, 133, 99 A. 784 (1917) has recently been restated in *Troy* v. *Hanifin,* 132 Vt. 76, 82, 315 A.2d 875 (1974); money payments on the purchase are not enough to give the oral agreement enforceable status, even coupled with possession, in the face of the Statute of Frauds. That rule applies here.

■ Although the acts were not the performance called for under the claimed agreement, the defendants did make improvements to the property such as repairing a back porch, having gas piped to the house, making electrical and plumbing repairs and doing some landscaping. Besides these improvements, two stoves were brought in for heating purposes. Under *Hunt* v. *Spaulding,* 108 Vt. 309, 312, 187 A. 379 (1936), substantial improvements by one in possession may take the oral contract out of the Statute. But the trial court did not assign this evidence for that purpose, and we think quite rightly. The *Hunt* case requires that the improvements be such that the parties making them cannot be restored to their former situation. This was not so in this case, the activities being indistinguishable from those of a tenant responsible for maintenance of leased premises. They simply do not meet the test of a substantial and irretrievable change of position set out in our case law. *Towsley* v. *Champlain Oil Co., supra,* 127 Vt. 541, 543, 254 A.2d 440 (1969).

The judgment order in this case cannot stand, and the case must be returned to the lower court for consideration of the issues raised in the original complaint.

*Judgment reversed and cause remanded.*