## Kenneth E. Guilbault & Ann M. Guilbault v. Sherman Bowley & Virginia Bowley

[498 A.2d 1033]

No. 84-044

Present: **Allen, C.J., Peck, Gibson and Hayes, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion filed June 7, 1985

40

*William W. Dibbern,* Barre, for Plaintiffs-Appellants.

*Otterman and Allen, P.C.,* Barre, for Defendants-Appellees.

**Allen, C.J.** This is an appeal from a judgment granting the defendants a prescriptive easement to maintain their water pipe across the plaintiffs' premises. The defendants, Sherman and Virginia Bowley, acquired the property where they now live in 1947. In 1965 their water supply failed, and, unable to locate a new source on their own property, they obtained spring rights on land separated from their own by the property of Keith and Lorraine Judd. The Judds gave permission to the defendants to install a water line across their property to convey water from the spring to the defendants' home. In 1967, the Judds sold their property, and ultimately it was purchased by the plaintiffs, Kenneth and Ann Guilbault. At the closing of the sale to the plaintiffs in 1979,

they were informed of the water line, and the deed was made subject to that water line. In 1981 the plaintiffs dug up the water line preparatory to connecting their own home to the line. The defendants filled in the hole and ordered the plaintiffs not to interfere with the line. The plaintiffs then brought this action, seeking removal of the water line. The defendants claim a prescriptive easement to maintain the water line, and, alternatively, that they hold an irrevocable license to maintain the water line.

■ The reference to the defendants' water line contained in the plaintiffs' deed did not create any interest not previously existing in the defendants nor does it estop the plaintiffs from challenging the defendants' interest, since the defendants were not parties to that deed. *Tallarico* v. *Brett*, 137 Vt. 52, 59, 400 A.2d 959, 963-64 (1979). Thus, it must be determined whether the defendants acquired an enforceable interest in the water line by some other means.

■ The doctrine of easement by prescription provides that an easement will be acquired by one who can show open, notorious, hostile, and continuous use for 15 years. *Russell* v. *Pare*, 132 Vt. 397, 401, 321 A.2d 77, 81 (1974). Upon appeal, the plaintiffs challenge the court's finding that the defendants' use met these criteria for the full period. They contend that during the period of Judd's ownership of their property, the defendants' use of the water line was by permission of Judd, and therefore not hostile to Judd's title.

■ Where an original use or possession is by virtue of permission, it does not become adverse until there is a repudiation or disclaimer, either made known expressly to the owner or clearly indicated by unequivocal actions. Permissive use will not ripen into title no matter how long continued. *Greenberg* v. *Hadwen*, 145 Vt. 112, 115, 484 A.2d 916, 917 (1984); *In re Estate of Smilie*, 135 Vt. 217, 220, 373 A.2d 540, 543 (1977). But see *Lawrie* v. *Silsby*, 76 Vt. 240, 247, 56 A. 1106, 1107 (1904) (a license unlimited in time may ripen into title).

Had the original use of the line been by virtue of a gift from Judd of the easement, the defendants' use would have been hostile to Judd's title from the inception. *Blaine* v. *Ray*, 61 Vt. 566, 570, 18 A. 189, 190 (1889) (grantee given "the right by gift to take the water for all time, as owner.")

■ The testimony in this case was that Judd "gave permission" for the water line to be put in. There was no evidence that

Judd made a gift of the easement, and so the defendants' use of the line during Judd's ownership of the property was not hostile. Judd conveyed the property in July, 1967. The complaint in this case was served in April, 1981. Thus, fewer than 15 years had passed, even assuming the criteria necessary for an easement by prescription existed following Judd's sale of the property. Accordingly, the court's finding of a prescriptive easement was in error.

■ The defendants' alternative claim is that they hold an irrevocable license to use and maintain the water line. In *Phillips* v. *Cutler*, 89 Vt. 233, 235, 95 A. 487, 488 (1915), this Court stated:

> It is well settled in this State that when the owner of premises containing a spring orally permits the owner of other premises to take water from the spring to his land by means of an aqueduct laid to such spring, without receiving consideration and without express limitation of time, the taking of the water under this permission is by virtue of a license not revocable during the ordinary life of the aqueduct. *Clark* v. *Glidden*, 60 Vt. 702, 15 Atl. 358 [1887]; *Allen* v. *Fiske*, 42 Vt. 462 [1869]; *Ainsworth* v. *Stone*, 73 Vt. 101, 50 Atl. 805 [1901]. In these cases the licensee may repair the aqueduct as far as necessary to keep it usable, but not to the extent of renewing it. *Clark* v. *Glidden*, 60 Vt. 702, 711, 15 Atl. 358 . . . . Under the rule established in this State, the right to the water will pass as appurtenant to the property benefited, and neither the death of the owner of the spring nor his conveyance of the land will operate as a revocation. See *Ainsworth* v. *Stone*, 73 Vt. 101, 50 Atl. 805; *Clark* v. *Glidden*.

*Phillips* controls this case. The fact that the source of the water is not located on the plaintiffs' land does not distinguish this case, as the same equitable considerations discussed in *Clark* v. *Glidden, supra,* exist here. We need not reach the issue of whether the license would have been revocable in the absence of notice of its existence to the grantor's successor-in-title, since the plaintiffs were informed of the existence of the water line at the time of their purchase. *Carbonneau* v. *Lague, Inc.,* 134 Vt. 175, 177, 352 A.2d 694, 696 (1976) (irrevocable license may not be withdrawn by purchaser with notice); *Clark* v. *Glidden, supra* (irrevocable license enforced against successors-in-title with notice). The defendants hold an irrevocable license for the use of the water line.

*So much of the judgment order as grants a prescriptive easement is vacated, and the cause is remanded for entry of order consistent with this opinion.*