**Janice Nutting v. Rocco Freda and Alberta Freda v. Gordon R. Schoonover and Mary Schoonover**

[572 A.2d 896]

No. 88-505

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed January 26, 1990

*Bertolini, Benning & Glinka,* Lyndonville, for Plaintiff-Appellee.

*Moore & Donnellan,* Derby, for Defendants-Appellants.

*Deborah T. Bucknam,* St. Johnsbury, for Defendants-Appellees.

### Entry Order

The findings of fact are supported by the evidence and are not clearly erroneous. V.R.C.P. 52(a).

The findings support the conclusion that defendant's oral promise to convey the subject premises to plaintiff came within an exception to the Statute of Frauds, 12 V.S.A. § 181(5). As stated in Restatement (Second) of Contracts § 129 (1981):

> A contract for the transfer of an interest in land may be specifically enforced notwithstanding failure to comply with the Statute of Frauds if it is established that the party seeking enforcement, in reasonable reliance on the contract and on the continuing assent of the party against whom enforcement is sought, has so changed h[er] position that injustice can be avoided only by specific enforcement.

See *Nichols v. Nichols,* 139 Vt. 273, 277, 427 A.2d 374, 377 (1981) (performance in reliance on an oral contract which "'so alter[s] the relations of the parties as to prevent restoration to . . . former condition'" may warrant equitable relief. (quoting *Towsley v. Champlain Oil Co.,* 127 Vt. 541, 543, 254 A.2d 440, 442 (1969))).

By affording the plaintiff the relief of specific performance the court did not abuse its discretion. *Colony Park Associates v. Gall,* 154 Vt. 1, 8, 572 A.2d 891, 896 (1990).

*Affirmed. The caption of the trial court's judgment filed September 26, 1988, is corrected to include Alberta Freda as a defendant.*

**Peck, J.,** concurring. I have no choice other than to agree with affirmance by this Court of the result reached by the trial court. There is a long standing policy which precludes an appellate court from interfering with, or substituting its own judgment for, that of a subordinate court, provided, as the entry order here correctly states, the court's findings are supported by the evidence and are not clearly erroneous.

Nevertheless, I feel compelled to write separately because I am satisfied that the evidence would also have supported contrary findings and, therefore, a different result. I would have made such findings and reached a contrary conclusion.

I am fully aware of, and agree with the principle that equitable consideration may, in a given case, preclude the Statute of Frauds from being used to promote a fraud. Essentially, it is that principle upon which the Court's order relies in this case. However, I question strongly that it is applicable here. Reliance thereon should be carefully and rarely employed, even though its use may be a matter of discretion. Reliance on equitable exceptions to the Statute of Frauds too frequently and casually gives rise to the dangerous consequence that the statute will be converted into an exception to the equitable principle which in turn becomes the general rule. The potential for frauds will be enhanced and the statute seriously weakened. I believe that has happened here.