## GEORGE A. AMES & CO. *v.* GARDNER S. MELENDY.

*Bailment. Special contract. Negligence need not be shown.*

1. The owner of a saw mill may by special contract define the conditions under which he will receive and keep logs delivered at his mill for the purpose of being sawed.

2. If he absolutely agrees to be liable for the safe keeping of such logs, the owner, in case of loss, need not show negligence.

General assumpsit. Heard at the June term, 1891, Taft, J., presiding, upon the plaintiff's demurrer to the second and third pleas of the defendent. Demurrer overruled and cause passed to Supreme Court before final judgment upon plaintiff's exceptions to this ruling.

The plaintiff's second and third pleas were both pleas in offset. The second plea alleged in substance that the plaintiff was the owner of a saw mill situated upon the banks of the Connecticut river at which he did custom sawing; that the defendant owned a quantity of logs also upon the bank of the river above the plaintiff's mill, which he desired to have sawed; that it was agreed between the parties that the defendant should roll his logs into the river and notify the plaintiff, who should thereupon stretch a boom across the river and stop and keep the defendant's logs until they were sawed; that the defendant did roll his logs into the river, and did notify the plaintiff, but that the plaintiff's boom broke whereby the logs were lost.

The third plea was like the first save that it alleges that the

defendant delivered the logs to the plaintiff where they were rolled into the river. In neither plea was there any allegation of negligence in making or maintaining the boom.

*Smith & Sloane*, for the plaintiffs.

Under the allegations in the second and third pleas there was a bailment in which each party was obliged to use only ordinary care. *Carpenter* v. *Branch*, 13 Vt. 161; *Brown* v. *Hitchcock*, 28 Vt. 452; *Coggs* v. *Bernard*, 1 Smith's Lea. Cas. 82 and notes.

In such a bailment negligence must be alleged and proved. *Lamb* v. *Western Rd.*, 7 Allen 98; *Roberts* v. *Guerney*, 120 Mass. 33; *Melindy* v. *Ames & Co.*, 62 Vt. 14.

*John H. Watson*, for the defendant.

The parties might by special contract define the terms of this bailment. Having done so they are bound by the terms of that contract. Chit. Cont. 498 (10 Am. Ed.); *Wells* v. *The Steam Navigation Co.*, 2 N. Y. 204; *Dale* v. *See*, 14 Am. St. Rep. 688; *Harmony* v. *Bigham*, 12 N. Y. 99.

The opinion of the court was delivered by

ROWELL, J.  That bailees of the character the plaintiffs were, may, by special contract, enlarge or restrict the obligation that the law would otherwise impose upon them by reason of the bailment, is beyond question. *Wells* v. *Steam Navigation Co.*, 2 N. Y. 204; *Dale* v. *See*, 51 N. J. Law, 378-14 Am. St. Rep. 688.

It is evident in this case that the pleader did not intend to declare upon the undertaking that the law would imply from the bailment, else he would have alleged negligence, with a *per quod*. But he declares upon a different undertaking, which must be taken for present purposes as a special undertaking; and it is one that could have been broken by the plaintiffs without negligence on their part, as it is declared upon as absolute and un-

George A. Ames & Co. *v.* Gardner S. Melendy.

conditional, and therefore the allegation of negligence is not essential to thè assignment of a good breach of it.

If it should turn out on trial that the parties did not enter into the special contract declared upon, but only into such a contract as the law implied, the plaintiff's rights can then be fully protected.

*Judgment affirmed and cause remanded.*