EUGENE H. KENNEDY *v.* WALTER T. CLARK.

October Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed May 5, 1931.

*Raymond Trainor, Paul Gilioli,* and *Alban J. Parker* for the defendant.

*Wilson, Adams & Keyser* for the plaintiff.

SLACK, J. On May 10, 1929, the plaintiff, acting through one Davis, entered into a contract with the defendant for the installation of a milking machine at the latter's farm. The contract was in writing and the material parts are as follows:

"PURCHASER'S ORDER FORM

Date................1929

. . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Dealer's Name)

. . . . . . . . . . . . . . . . . . . . . . . . . . . .
(Address)

Please enter my order for:

| Quantity | Articles | Price |
|---|---|---|
| 1 | Double Utility Unit | $115.00 |
| 1 | Combined engine | 83.00 |
| 1 | Water heater | 10.00 |
| 1 | No. 20 pump | 40.00 |
| 1 | Solution rack | 6.00 |
| 1 | Trap | 9.00 |
| 1 | Cont. valve | 12.50 |
| 15 | Vac. cocks | 12.75 |
| | Piping and fitting and installation | 46.75 |
| | | $335.00 |

This outfit is subject to 30 days' free trial and is to be installed about June first, 1929.

For which I agree to pay you $...... as follows: ...........
.....................subject to catalog guaranty and representations.

The buyer agrees that the title and right of possession of the goods ordered shall remain in the seller until actually paid for in cash, but this does not relieve the buyer from complete responsibility for the care and safety of the property meanwhile nor qualify his obligation to make settlement for the same according to the terms and conditions above set forth.

The seller is to receive title-retaining notes, or at his discretion, all payments shall be secured by chattel mortgage on the goods."

This instrument was signed by the defendant as purchaser, and by Davis as salesman. That part of it enclosed in brackets is in Davis' handwriting; the rest is a printed form.

The machine was installed June 12, 1929. Within thirty days thereafter the entire outfit, except the double utility unit, was destroyed by fire through no fault of the defendant. The plaintiff took back this unit, and this suit is to recover for the other articles enumerated in the contract. While the plaintiff's name does not appear in the written contract, no question is made but that he is the party entitled to recover if a recovery can be had. Trial was by jury. At the close of all the evidence, each party moved for a directed verdict. The defendant's motion was denied, and the plaintiff's motion was granted, to both of which rulings the defendant excepted.

■ ■ The parties are not agreed as to the nature of the contract in question, but we think it clear that it was a sale "on approval." or, "on trial," or, "on satisfaction"; that it was precisely such a transaction as is contemplated by Act No. 171, Laws 1921, § 19, rule 3, subdiv. 2. Since this is so, the title to the goods at the time they were destroyed was in the plaintiff, and the defendant was a mere bailee.

■ ■ Under bailments of this nature the bailee, in the absence of a special contract fixing the degree of care to be exercised by him, is liable only for such injury to the property as results from his failure to exercise due care and diligence in its use and preservation. No failure on the part of the defendant in this respect is claimed, and were we to stop here the judgment could not stand. But bailees of this class may, by special contract, enlarge or restrict the obligation that would otherwise by implication of law be imposed upon them. *Goslant* v. *Town of Calais,* 90 Vt. 114, 96 Atl. 751; *Ames & Co.* v. *Melendy,* 64 Vt. 554, 24 Atl. 1052.

The determinative question in the case, therefore, is whether by the terms of the contract the defendant assumed responsibility for the care and safety of the property during the term of the bailment, that is, the 30 days' trial period, since no question is made but that he knew the terms of the contract, nor is it claimed that he was induced to enter into the same through fraud or misrepresentation.

The defendant contends that the written part of the contract contains all of the conditions and terms of the transaction;

that this is in conflict with the printed portion; and that the latter must, therefore, be disregarded. This claim is untenable. It cannot be said, without danger of contradiction, that the written part of the contract covers the entire transaction in view of the printed provisions that follow it. Nor do we regard the written and printed parts of the contract as conflicting. Under the former, the defendant was given 30 days' free trial of the outfit; under the latter, if it has any applicability, he became responsible for the care and safety of the property during that time. That was an obligation that the plaintiff had the right to exact, and one that the defendant had an equal right to assume.

The language of the contract is clearly broad enough to create such an obligation on the part of the defendant. Was it the intention of the parties to do so? This must be ascertained from the whole instrument so construed as to give meaning and effect to every part of it that is material. *DeGoosh* v. *Baldwin & Russ*, 85 Vt. 312, 82 Atl. 182; *Crosby* v. *Vermont Accident Ins. Co.*, 84 Vt. 510, 80 Atl. 817. Furthermore, the situation of the parties, the subject-matter, and the object sought to be accomplished may be considered in determining what was intended by the language used. *Vermont Kaolin Corp.* v. *Lyons*, 101 Vt. 367, 143 Atl. 639, and cases cited. To be sure, the printed part of the contract contains provisions that have no relevancy to the transaction entered into by the parties, whatever that was. One of these provisions relates to the terms of payment. This is left blank. Another relates to the manner of settlement, and the third provides the nature of security the seller may require. Since no sale had been made at the time the instrument was executed these provisions have no force either as elements of the real transaction or as bearing on the intent of the parties respecting the question under consideration. In the paragraph upon which the defendant's liability depends the words "buyer" and "seller" are used where, correctly speaking, the words "bailee" and "bailor" would have been more appropriate, but there is no room for doubt as to the persons thereby intended, and technical terms must yield to the intention of the parties. *Vermont Kaolin Corp.* v. *Lyons, supra.*

We think that all of the provisions of the paragraph in question, except that relating to settlement which for reasons already stated is of no consequence, were perfectly logical obli-

gations for the defendant to assume in view of the situation of the parties, the subject-matter, and the object they sought to accomplish as appears from the contract itself.

■ ■ Both parties were presumed to know that unless otherwise agreed the goods would be at plaintiff's risk during the trial period. See Act No. 171, Laws 1921, § 22. If the defendant read the contract, as presumably he did, he knew that an *actual buyer* was required to assume complete responsibility for the care and safety of the property until paid for. Can it be reasonably claimed that he understood that he, a mere bailee, was to do less? We think not. If it was understood that the contract imposed no liability on him, why did he sign it? He did sign it, with full knowledge of its contents, for aught that appears, and by no reasonable construction of it can he escape the consequences.

*Judgment affirmed.*

NOTE. When this case was argued it was assigned to MR. JUSTICE WILLCOX. At the February Term, 1931, it was reassigned to MR. JUSTICE SLACK.