BUNKER B. HILL *v.* LYDIA B. BELL.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*Hugh W. Hastings* for defendant.

*Wilson, Carver, Davis & Keyser* for plaintiff.

STURTEVANT, J. This is a bill in chancery brought by plaintiff to compel specific performance by defendant of an alleged contract for the sale of certain real estate located in Vershire, Vermont. Decree was entered for plaintiff below and the case is here upon defendant's exceptions.

The material facts shown by the record are as follows.

Plaintiff, who resides in Vershire, Vt., on March 7, 1938, wrote defendant, who lives in Pittsburg, Pa., making inquiry as to whether she wished to sell her farm located in Vershire and

if so what was her lowest sale price. To this letter defendant replied that she would like to sell this farm and that her price was $500.00. On April 17, 1938, plaintiff wrote defendant a letter in words and figures as follows:

"Vershire, Vt. April 17, 1938.

Mrs. Bell
Dear Madam

Your letter of April 12 reached me in due time, and as you wanted an early answer, I will try. Now Mrs. Bell I feel I have offered you all the place is worth in the condition it is in, if you want to sell as you say you do and want cash, you can have it as soon as you want to send me a warranty deed of the property. Send the deed to the town clerk in Vershire and I will deposit the money there. As soon as she receives the deed she will forward the cash. But if you want a mortgage I can't trade with you as I don't like mortgages. If you want to trade with me send the deed to Vershire and you will have the cash as soon as the mail can get it to you.

Resp't yours

$350.00 is
my price.

B. B. Hill."

On April 26, 1938, defendant wrote plaintiff in reply to the above letter as follows:

"3447 Dawson Street, Pittsburg, Pa.
April 26, 1938.

Bunker B. Hill
Vershire, Vt.
Dear Sir;

Your letter received and in reply will say I have decided to sell you the farm, if you want it as it is, for the sum of three hundred and fifty dollars (350) in cash as you offered me. I am sending you my deed for you to have a copy made and send back to me to sign. It is a quit claim deed, the only one that was ever given me on the farm by Vance Con-

ant and Berne Titus. I thought it might be better to let you have the deed made there and then send it to me to sign and return to you. You can then send me the three hundred and fifty dollars ($350). I just want to be sure of the full amount after I have signed and sent you the deed. You can send this money directly to me by Post Office Money Order, if you will, as it is hard to get checks cashed here. If this does not meet with your approval let me know at once, as I want to sell the farm as soon as possible.

Respectfully yours,

Lydia B. Bell
Mrs. J. G. Bell
Lydia B. Bell (Mrs. J. G. Bell)

P.S. Inclosed you will also find the mortgage deed that was against the farm.''

Plaintiff contends that defendant in her letter last above quoted, hereinafter referred to as defendant's letter of April 26th, accepted plaintiff's offer contained in plaintiff's above quoted letter, hereinafter referred to as plaintiff's letter of April 17th, as to nature of deed to be given by defendant and as to amount of purchase price and made counter offers as to having deed made and method of sending the purchase price money to defendant, which counter offers were duly accepted by plaintiff. The chancellor found and held in accordance with these contentions and defendant had exceptions to such findings and holdings. To these exceptions we first address our attention.

In considering the question as to whether the defendant in her letter of April 26th accepted plaintiff's offer as to kind of deed to be used in conveying farm to him, we should have in mind the following rules:

■ An acceptance of an offer, to be good, must in every respect meet and correspond with the offer, neither falling short of nor going beyond the terms proposed, but exactly meeting them at all points and closing with them just as they stand. *Davenport* v. *Newton*, 71 Vt. 11, 21, 42 Atl. 1087; *Purrington* v. *Grimm*, 83 Vt. 466, 469, 76 Atl. 158; 17 C. J. S. 378, sec. 42.

■ An acceptance on terms varying from those proposed is, in effect, a counter proposal, and is not binding until it is itself accepted. *Davenport* v. *Newton, supra,* 71 Vt. page 21, 42 Atl. 1087.

■ To entitle a party to a decree for specific performance, the contract sought to be enforced must be established by evidence which is positive, clear and satisfactory. *Allen et al.* v. *Fiske,* 42 Vt. 462, 464.

■ In construing defendant's letter of April 26th, we must give consideration and meaning to every material part of the instrument. Furthermore, the situation of the parties, the subject matter and the object sought to be accomplished may be considered in determining what was intended by the language used. *Kennedy* v. *Clark,* 103 Vt. 349, 353, 154 Atl. 577.

Plaintiff in his letter of April 17th offered to buy defendant's farm at a price $150 less than she offered to sell. He also specified that he would pay cash and would not give a mortgage and that he required conveyance to be made by a warranty deed. With these circumstances in mind it clearly appears that defendant in the first sentence of her letter of April 26th meets plaintiff's offer as to amount of purchase price and that she will accept all of it in cash, no mortgage. In view of what immediately follows in this letter, this first sentence cannot reasonably be construed as a consent on part of defendant to give a warranty deed because in the second sentence of this letter defendant takes up the matter of the deed to be given by her. She calls attention to the fact that the deed which she is sending to be "copied" is a quitclaim deed, is the only deed by which she received conveyance of the farm and it is a "copy" of this deed that she agrees to sign and by which she agrees to make conveyance of the farm to plaintiff. She also requests plaintiff to let her know at once if what she has proposed does not meet with his approval.

Plaintiff had a warranty deed made and sent it to defendant to sign. That he understood that she proposed to convey the farm by quitclaim deed is made clear from what is stated in his letter which he mailed with the warranty deed which he desired defendant to execute. In this letter, dated April 30, 1938, plaintiff states to defendant as follows: "I have had a deed made and

it is O.K. with Mr. Titus to be made this way as you have had the place 21 years so we can make a warranty deed * * *.''

On April 30th, 1938, defendant wrote to plaintiff that she had concluded not to sell her farm and that negotiations between them were at an end. Therefore there was never a completed contract between plaintiff and defendant for the sale of this farm.

Plaintiff contends that what defendant states in her letter of April 26th in reference to conveying by quitclaim deed relates to the manner of carrying out a contract which she had entered into and in support of this claim cites *Turner* v. *McCormick*, 56 W. Va. 161, 49 S. E. 28, 67 L. R. A. 853, 107 Am. St. Rep. 904 and *Horgan* v. *Russell*, 24 N. D. 490, 140 N. W. 99, 43 L. R. A. (N. S.) 1150. These cases do not support plaintiff's contention. In each of them a land owner gave an option to another to purchase certain lands at a stated price. Within the time specified the buyer accepted the offer in the exact terms as made. Certain matters as to carrying out the contract were left open in the option to be arranged later in case option was exercised. In each of these cases the court found a completed contract because there had been an acceptance of an offer in the exact terms as made. In the case before us plaintiff makes it a condition of his offer that defendant convey to him by warranty deed. Defendant never accepted or agreed to comply with this requirement. On this matter the minds of the parties never met and so no completed contract resulted from their negotiations. It follows that to decree specific performance of an alleged contract which in fact never existed was error.

From the foregoing it appears that the injunction granted below, restraining defendant from selling the farm in question, should no longer be in force. The result is:

*Injunction dissolved, decree reversed, bill dismissed with costs and cause remanded.*