RUTH W. ACKERMAN *v.* FRANK O. CARPENTER ET AL.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Irwin S. Kendall* and *George L. Hunt* for the defendants.

*Barber & Barber* for the plaintiff.

STURTEVANT, J. This is a bill for specific performance. A hearing was had, findings of fact made and filed and a decree was entered for the plaintiff. The case is here upon the defendants' exceptions. From the findings appear the following facts material to the questions presented.

The defendants, Frank O. Carpenter and George M. Carpenter, are brothers. On July 24, 1941, they gave to the plaintiff a written option in words and figures as follows:

> "For and in consideration of One Hundred dollars, to us in hand paid, the receipt whereof is hereby acknowledged, we hereby grant unto Ruth A. Ackerman, an option for ten days from the 24th day of July, 1941, to purchase for the sum of thirteen thousand dollars ($13,000) the following described land situated in the towns of Brattleboro and Dummerston, in the County of Windham and State of Vermont: Being those lands known as the home farm of Frank Carpenter and George Carpenter as Administrator of the Estate of Mary J. Carpenter, and such pieces of land that are immediately adjacent thereto. Meaning and intending to convey approximately two hundred fifty acres, more or less, together with the buildings thereon.
>
> "The said option is given with the understanding that the said Ruth A. Ackerman shall signify her intention to take or reject the same by due notice in writing within the time specified, and the failure to serve said notice within the time specified shall terminate this option without further action, and the down payment, receipt of which is hereby acknowledged, is considered forfeited and the property of said Carpenters. As further consideration in this sale, the said Ruth A. Ackerman has agreed to purchase all the personal property located on said farm and said lands, excluding only the household furniture therein situated, said Ackerman to purchase said personal property at a price to be reached in the following manner: The said Frank Carpenter and George Car-

penter as Administrator of the Mary J. Carpenter Estate to select one appraiser the said Ruth A. Ackerman to select one appraiser, the two appraisers heretobefore selected to select a third appraiser. The value placed upon the personal property by the said appraisers shall be considered as the purchase price of said personal property.

"In Witness Whereof, we have hereunto set our hands and seals, at Brattleboro, in the County of Windham, and State of Vermont, this 24th day of July, A. D. 1941.

In presence of:

Charles H. Perkins      Frank O. Carpenter

May A. Taylor      George M. Carpenter"

On August 2, 1941, the plaintiff, accompanied by her husband and two other persons, called at the defendants' farm. On that occasion the following notice addressed to both defendants was delivered to the defendant, Frank O. Carpenter, by the plaintiff.

"In accordance with the provisions of an option signed by you on the 24th day of July, 1941, I am hereby notifying you that it is my intention to take up said option and that on the second day of August, 1941, I will be in Brattleboro, for the purpose of entering into a contract with you for the purchase of the property as mentioned in said option, the said contract to contain the terms as enclosed in the option and these terms I am now ready and willing to carry out.

"Very truly yours,

Ruth A. Wellman

August 1, 1941.      Ruth W. Ackerman"

The plaintiff's maiden name was Ruth A. Wellman. At some time between July 24, 1941, and August 2 of that year she was married to Ackerman. This accounts for the use of the two names signed at the bottom of the above quoted notice.

When the plaintiff was at the Carpenter farm August 2, 1941, she also presented to the defendants a proposed agreement in writing which she asked them to sign. The defendant, Frank O.

Carpenter, and the plaintiff signed this agreement. The defendant, George M. Carpenter, refused to sign it and stated that he had been advised by an attorney not to sign anything. We will hereinafter refer to the provisions of this proposed agreement.

While at the farm on the occasion above mentioned the plaintiff delivered to the defendant, Frank O. Carpenter, her check for $1,200.00, payable to the defendants' order, as a part of the purchase price of the Carpenter farm. On August 30, 1941, the defendants caused the two checks which the plaintiff had delivered to them, in the total sum of $1,300.00, to be mailed to the plaintiff's attorney and they were received by him. In the early part of September, 1941, the plaintiff caused $13,000.00 to be tendered to Frank O. Carpenter as the purchase price of the farm; he said he did not want it and refused to accept the money. The plaintiff is ready and willing to perform all the agreements on her part to be performed as provided in the option given her by the defendants. The defendants' offer, the plaintiff's letter of acceptance and the proposed agreement presented to the defendants by the plaintiff on August 2, 1941, as set out in the findings, are also alleged in the bill. The findings are not challenged.

The defendants first direct our attention to the following language in the preamble to the decree.

"Upon a consideration of the pleadings and the evidence introduced into the case;
"It Is Ordered, Adjudged and Decreed:"

It is contended that "the decree avowedly ignores the findings as its basis".

■ It is true, as the defendants contend, that the decree must conform to the pleadings and the findings. *Cutler Co.* v. *Barber,* 93 Vt 468, 472, 108 A 400. However, if the decree in fact meets these requirements, that is sufficient. A specific statement to that effect is not necessary. Chancery Rule No. 33.

■ The questions raised by the defendants under II, III, V, VI, VII and IX in their brief may be stated briefly as follows. No contract capable of specific performance was made by the parties because the plaintiff's alleged acceptance of the defendants' offer was conditional and was a counter-proposal at variance with the terms of the offer. The option given July 24, 1941, was a con-

tinuing offer, for a ten day period, to sell to the plaintiff the property therein designated on the terms therein stated. *Durfee House Furnishing Co., Inc.* v. *The Great Atlantic & Pacific Tea Co.*, 100 Vt 204, 207, 136 A 379, 50 ALR 1309. It provided that the plaintiff should, within the ten day period, "signify her intention to take or reject the same by due notice in writing * * * ". The offer did not specifically fix the time for delivery of the property nor the time for payment of the purchase price. Under such circumstances the law settles those matters. The time for delivery of the property is a reasonable time after acceptance of the offer. *Smead* v. *Lamphere*, 87 Vt 1, 3, 86 A 1005; *Capron* v. *Capron*, 44 Vt 410, 412. Also the law construes the offer to be for cash on delivery and before title passes. *Hambleton* v. *U. Aja Granite Co.*, 95 Vt 295, 297, 115 A 102, and cases cited. So, too, there is an implied condition that the vendor of land will transfer to the vendee the title unencumbered with defect unless the contract expressly states the contrary. *Drew* v. *Bowen et al.* 102 Vt 124, 127, 146 A 254.

■■ We agree with the defendants' contention that an acceptance which varies from the offer will not conclude a contract. *Purrington* v. *Grimm*, 83 Vt 466, 469, 76 A 158; *Hill* v. *Bell*, 111 Vt 131, 134, 11 A2d 211. But the reply may go beyond the terms of the proposal without qualifying the acceptance. The addition may be such as fairly to import a request instead of a condition. In determining what one party intended and the other ought to have understood, regard must be had to the situation and purpose of the parties, the subject matter and course of the negotiations. *Purrington* v. *Grimm*, 83 Vt 466, 469, 470, 76 A 158.

■ The question whether there was a contract between the parties does not depend alone upon the specified facts found but also upon the reasonable inferences to be drawn from them. Every reasonable intendment is in support of the decree and we will assume that the chancellor drew such inferences in favor of the prevailing party. *Travellers Insurance Co.* v. *Gebo et al.* 106 Vt 155, 162, 170 A 917, and cases cited.

The letter which the plaintiff delivered to the defendants August 2, 1941, has been hereinbefore set out. In that letter it appears that the plaintiff gave the defendants notice of her intention to accept their offer strictly in accordance with the provisions of the offer. While the letter also stated that the plaintiff would be

in Brattleboro on August 2, 1941, for the purpose of entering into a contract for the purchase of the property mentioned in the option, it specifically stated that such contract was "to contain the terms as enclosed in the option" and that the plaintiff was ready and willing to carry out those terms.

■■ From what we have 'hereinbefore stated it appears that the contract resulting from the acceptance of the offer could not conveniently be carried out until the parties fixed a specific time for the appraisal of the personalty and also agreed upon a definite time for delivery of and payment for all the property to be sold. Construed in the light of the offer, the letter was clearly an acceptance of it and was not inconsistent therewith. Such acceptance brought into being an executory contract between the parties. *Drew* v. *Bowen et al.* 102 Vt 124, 126, 146 A 254. The respective undertakings of the parties were concurrent and dependent, and neither could put the other in default without performing or tendering performance, or showing that he was ready and willing to perform. *Drew* v. *Bowen et al.* 102 Vt 124, 127, 146 A 254, and cases cited. That the plaintiff offered performance on her part and was ready and willing to perform the contract appears from the findings.

Whether the proposed contract which the plaintiff asked the defendants to sign August 2, 1941, was or was not in accordance with the terms of the offer we need not consider. We have seen that her acceptance of the defendants' offer brought about an executory contract of sale and purchase. It follows that under such circumstances the plaintiff could make proposals either to vary or make more specific the terms of the executory contract without jeopardizing her rights thereunder. Such proposals made by one party and not accepted by the other would leave the contract exactly as though the proposals had not been made.

In numbers IV and VIII of their brief the defendants contend that the contract which the decree attempts to enforce was not made by the parties and is not established by the findings. The decree contains in substance the following provisions material to those questions.

In case of an appeal, then within twenty days following the remand in the event of affirmance the defendants may select an appraiser and thereupon the plaintiff shall select an appraiser and those two shall select a third appraiser. The appraisers shall forthwith appraise the personal property in question and file in the

office of the clerk of the court a written memorandum thereof. The defendants shall pay the appraiser selected by them and the plaintiff shall pay the other two.

Within ten days from the time the appraisers file their report as in the decree provided the plaintiff shall pay to the clerk of the court for the benefit of the defendants $13,000.00 plus the appraised value of the personal property less the taxable costs of this action. Upon such payment by the plaintiff the defendants shall forthwith deliver the personal property and convey to the plaintiff by good and sufficient deed, subject only to reservations and easements as stated, the real estate as described in the decree.

It is further ordered that if the defendants fail to select and provide an appraiser in the time specified in the decree, then the defendants shall be deemed to have waived the right to sell the personal property in question and the plaintiff may, on application to the chancellor, such waiver being shown, have a decree for the real estate upon payment to the clerk of the court for the benefit of the defendants of $13,000.00 less the taxable costs of this action.

The defendants contend that their offer as applied to the real estate was single and entire and the offer to sell it was dependent upon their offer to sell the personalty. They claim that the decree separates the offers and makes the contract separately and independently enforceable as to each. They state that this is accomplished by imposing as a penalty for their failure to select and provide an appraiser a waiver by them of the right to sell the personal property and compelling them to sell the real estate. The trouble with this contention is that the decree does not deprive the defendants of their alleged right to sell the personal property with the real estate or impose any penalty on them for failing to do so. Under the provisions of the decree the defendants may sell both the real estate and the personal property strictly in accordance with their interpretation of the terms of their offer; or they may sell the real estate and retain the personal property. As to the latter they are given a choice of either selling or keeping it. Therefore the decree deprives the defendants of no rights reserved to them by the terms of their offer and imposes no penalty on them. It is only by their failure to comply with the terms of the offer according to their interpretation of it that the personal property is

not included in the sale. See 25 RCL p. 347, sec. 174; *Adams* v. *Messenger,* 147 Mass 185, 17 NE 491, 496, 9 Am St Rep 679.

■ The defendants also contend that the contract which the decree attempts to enforce differs from the terms of the offer because the former requires them to pay the expenses and charges of the appraiser selected by them while the latter is silent as to this matter. However, the offer states that the defendants are to select one appraiser. The person so selected is to render valuable service by assisting in fixing the value of the defendants' personal property as therein described. It is a general rule of the law of contracts that whenever valuable service is rendered with the knowledge and consent of the recipient, an obligation to pay therefor will be presumed in the absence of a showing to the contrary. *Peters* v. *Poro's Estate, Curtis Appellant,* 96 Vt 95, 101, 117 A 244, 25 ALR 615, and authorities there cited. It follows that so far as the charges in question are concerned the decree is in strict accord with the implied conditions of the contract.

■ The plaintiff has filed a motion in this Court to strike certain words from the description of land ordered conveyed as found in the paragraph numbered "1" of the decree proper. She states that by the use of these words the description therein includes certain standing timber not included in the contract. The defendants agree with this and insist that for this reason it appears that the findings show no such contract as the decree attempts to enforce.

Even so, under the circumstances here the error does not necessitate a reversal because this Court has authority to alter the decree and thus make it conform to the pleadings and the findings. P. L. 1564; *Cutler* v. *Barber,* 93 Vt 468, 476, 108 A 400.

Therefore, the plaintiff's motion is granted and from the description in the paragraph numbered "1" of the decretal order we delete the following words:

> "Including in this conveyance the same standing timber that was conveyed to Oliver H. Carpenter by said deed, upon other land then owned by said A. L. Butterfield".

*Being so amended the decree is affirmed with costs to the plaintiff.*

## ON MOTION FOR REARGUMENT.

STURTEVANT, J.   After the foregoing opinion was handed down counsel for the defendants had leave to file a motion for reargument, pending which the entry of judgment has been withheld.

The defendants state that they believe the Court has disregarded or overlooked certain matters of fact and law "in holding that the letter delivered with the submitted form of contract on August 2, 1941, was clearly an acceptance of the offer contained in the option, and not inconsistent therewith, and brought into being an executory contract between the parties".

Briefly stated, the reasons for this contention are as follows. The submitted form of contract by reference "is made a part of the content of the letter and by presentation at the delivery of the letter becomes a part of the force and effect of such delivery". The letter and submitted contract must be construed together as one instrument.   The plaintiff does not state in the letter that she is ready and willing to carry out the terms "as enclosed in the option" but does state that she is ready and willing to carry out the terms as contained in the contract.   Also the Court has apparently overlooked the matter of tender.

However, the opinion contains no such holding as the defendants set forth as a basis for their motion.   From the facts stated in numbers 17, 20 and 27 of the findings it may reasonably be inferred that the plaintiff first delivered the letter giving notice of her acceptance of the offer.   Having so completed the making of an executory contract, she thereafter on the same day offered the proposed agreement to the defendants for their consideration. In support of the decree we infer that the chancellor made such inferences.   *Trav. Ins. Co.* v. *Gebo et al.,* 106 Vt 155, 162, 170 A 917.

The letter set out in the opinion is a complete answer to the claim that the plaintiff did not state therein that she was ready and willing to carry out the terms of the offer.   As to the matter of tender it is sufficient to note that under the terms of the offer no tender was necessary to complete an acceptance of it.   Therefore there was no duty on the plaintiff to make a tender for that purpose.

*Motion overruled.   Let full entry go down.*