HENRY N. SOULIA ET UX. *v.* FARMERS COOP. FIRE INS. CO.

October Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 2, 1943.

*Wayne C. Bosworth* for the defendant.

*Edward G. McClallen, Jr.,* and *Jones & Jones* for the plaintiffs.

BUTTLES, J. Myra E. Roach was the owner of a farm in Hubbardton, Vermont, which she sold and deeded to the plaintiffs on April 21, 1941. At the time of such sale the buildings on the farm were insured against loss by fire in the defendant company. This action was brought to recover damages for alleged breach of a contract claimed to have been made by the defendant and an agent of the plaintiffs regarding fire insurance on these buildings, which burned on April 30, 1941. Trial was had by jury in county court and at the close of all the evidence motions were made by both the plaintiff and the defendant for a directed verdict. The defendant's motion was denied and that of the plaintiffs was granted. The case comes here on the defendant's exceptions to the rulings of the court upon both motions, and to the judgment which was rendered for the plaintiffs upon the directed verdict.

The claimed contract, upon which the plaintiffs rely, is embodied entirely in three letters which read as follows:

"April 22, 1941

A. W. Foote, Secretary
The Farmers Co-operative Fire Ins. Co.,
Middlebury, Vermont

> Re: Policy No. 34270—Farmers
> Co-op. For $1700.—Exp. 5-9-45
> Name of Myra E. Roach

Dear Mr. Foote:

The property covered by the above policy has been sold to Henry N. & Emma C. Soulia of Springfield, Vermont.

Kindly send us an endorsement to show the change in ownership; also a New England Standard Mortgagee clause to attach to the policy in favor of the Rutland Trust Company.

Thanking you, we are,

> Very truly yours,

> > RUTLAND TRUST COMPANY
> > J. B. Granger
> > > Assistant Treasurer"

"April 23, 1941

The Rutland Trust Company
Rutland
Vermont

> In Re: Policy No. 34270—Roach

Gentlemen:

In reply to your letter of April 22 concerning the insurance on the above property which has been sold to Henry N. and Emma C. Soulia, we do not transfer policies outside the family. Therefore, the above policy must be sent to this office, signed for cancellation and new insurance written in the names of the new owners.

We are referring your letter to our agent, D. B. Gibbs of Hubbardton and have asked him to make out new insurance either with the new owners or with you.

We trust this arrangement will meet with your approval.

Very truly yours,

A. W. Foote
B
Secretary

hib

P. S. We will keep your interest protected under the above policy until·the new application is received."

"April 24, 1941

Mr. A. W. Foote, Secretary
Farmers Co-operative Fire Ins. Co.
    Middlebury, Vermont

In re Policy No. 34270
Roach (property now
owned by Henry N. Soulia)

Dear Sir:

Thank you for your letter of April 23rd relative to the above captioned matter.

We note that you are keeping our interests protected under the present policy until the new policy has been issued to Mr. Soulia, and upon receipt of the latter we will return the old policy for cancellation.

Yours very truly,

H. E. Dyer
President"

D C

It is not altogether clear from the plaintiffs' declaration whether they rely upon a breach of a claimed contract to insure the property at some unspecified time or upon a temporary informal contract of insurance pending the issuance of a policy. The theory upon which the plaintiffs tried their case and upon which they have apparently briefed it is that the defendant breached its contract to insure the property of the plaintiffs. We hold, as hereinafter appears, that a contract was entered into between the plaintiffs and the defendant but it was not merely an agreement respecting future insurance. It contained also a provision for immediate coverage under the terms of the old policy pending issuance of the new policy. (See postscript to defendant's letter of Apr. 23, 1941, and plaintiffs' acceptance of that provision by its agent's letter of Apr. 24th.) We regard this provision as an integral part of the contract which must be considered in litigating the provision for issuance of a policy. Obviously, this provision would be a factor in determining what would be a reasonable time within which a policy was required to be issued. The fact that the plaintiffs would have the same insurance protection with or without a policy would be important in fixing the damages, if any, that would result from a breach of the contract to issue a policy. The contract which was entered into was, in legal effect, what is often termed in the cases a binder or binding slip. Herein lies an important distinction between the present case and cases like *Chenier* v. *Ins. Co. of N. A.*, 72 Wash 27, 129 P 905, 48 LRANS 319, Ann Cas 1914 D 649, upon which the plaintiffs strongly rely. That case was based upon an oral contract made September first, by which the defendant's agent agreed to renew an existing policy when it expired on the following January 1st. It was clearly a contract for future insurance only, with no provision for temporary coverage after the expiration of the old policy, if the issuance of the new one should be delayed, as it was, beyond that time.

The defendant denies that the agency of the Rutland Trust Company, through its officers, to act for the plaintiffs in making the contract is shown, and also contends that even if the agency existed no completed contract appears. But it clearly appears from the testimony of Henry Soulia and that of the president of the Rutland Trust Company, that the latter was authorized to procure a transfer of the existing policy. It also appears from

the testimony of Mr. Soulia that the Trust Company was going to take care of the insurance matter for them. We hold that it had authority, when it was found to be impossible to procure a transfer, to take action which it had a right to suppose would afford equivalent protection to itself and to the plaintiffs, especially in view of the urgent nature of the business and the fact that Mr. Soulia was working in Springfield and not readily available.

██ It is, of course, true that in order to establish the existence of an executory contract an offer must be shown, together with an unconditional acceptance of the offer. But it is also true that in determining what one party intended, and the other ought to have understood, regard must be had to the situation and purpose of the parties and the subject-matter and course of the negotiations. *Ackerman* v. *Carpenter*, 113 Vt 77, 81, 29 A2d 922; *Purrington* v. *Grimm*, 83 Vt 466, 469, 470, 76 A 158.

As we construe the letters which are here relied upon, the request to transfer the original policy was refused, but, in lieu thereof, an offer was made to have new insurance written in the names of the new owners, and to keep "your" interest protected in the meantime. The latter part of this offer, when construed in connection with the other letters, should, in our opinion, be taken to refer both to the interest of the insured and of the Trust Company as mortgagee. The direction contained in the defendant's letter that the old policy must be sent to its office signed for cancellation is not to be taken as a condition precedent to writing of the new insurance, since the language used does not require that construction. Under the circumstances, the Trust Company's agreement, in its reply letter, to return the old policy for cancellation upon receipt of the new policy was, in effect, an agreement to comply with the defendant's direction. That the defendant asked its agent to make out new insurance either with the new owners or with the Trust Company is unimportant. If an alternative insured was thereby suggested, the option was clearly given to the Trust Company and that option was exercised by it in its reply by its reference to a new policy to be issued to Mr. Soulia.

That the Trust Company's letter of April 24th was, in effect, an acceptance of the defendant's offer to keep the property covered under the provisions of the old policy cannot be doubted. That it was also an acceptance, in effect, of the offer to issue new insurance

seems clear. The consideration for the defendant's promise of insurance protection was of course the implied promise to pay the premium that might regularly be charged therefor.

■ It is true that many of the details required for a contract of insurance are not specifically set forth in these letters. To constitute a valid contract of insurance there should be parties thereto, a premium, a subject-matter, an insurable interest, certain risks or perils, duration of the risk and the amount insured, but in temporary oral contracts, or in those evidenced by binders, some of these terms are often omitted and need not be negotiated upon, since they may be understood, as where the terms of the usual policy are presumed to be intended, or where the usual rate of premium is presumed to be meant, or in case the duration of the risk is understood to be the same as in a former policy, or where by custom or usage a certain course of dealing has been established. *J. C. Smith & Wallace Co.* v. *Prussian National Ins. Co.,* 68 NJ 674, 676, 54 A 458, citing I Joyce on Insurance, Sec. 46. See also *Globe & R. F. Ins. Co.* v. *Eureka Saw Mill Co.,* 227 Ala 667, 670, 151 So 827; *Eames* v. *Home Ins. Co.,* 94 US 621, 627, 24 L ed 298. In the present case the details of the contract which are not expressed are to be assumed to be identical with those set forth in the old policy of insurance.

■ In this case the old policy contained a provision that no suit or action thereon should be sustainable unless commenced within twelve months next after the fire. The present action was not brought until more than twelve months had elapsed since the fire, and an important question is whether the twelve months limitation applies thereto. The plaintiffs contend that to the extent that its contract was something other than a contract of present insurance its right of action must be limited only by the general statute of limitations and not by any special limitation contained in the old policy or in any other policy issued or to be issued by the defendant. But it was expressly agreed that the temporary insurance provision of the contract should be under the old policy, and we have seen that the contract must be treated as an entirety. We hold that the provision of the contract for future insurance as well as that for temporary present protection was intended to be subject to the provisions and conditions of the old policy. A persuasive reason for so holding is that it was necessary for the plain-

tiffs, in order to make out any contract at all, to incorporate therein, by implication, certain provisions and conditions of the old policy. They should not be permitted to adopt those provisions and conditions which are favorable to them and to reject those which are unfavorable.

The plaintiffs' action was barred by the twelve months limitation and the result is that there was error both in granting the plaintiffs' motion and in denying the defendant's motion for a directed verdict. For a leading case in which the facts were quite similar to those in the present case and a similar result was reached see *Hicks* v. *British Amer. Assurance Co.*, 162 NY 284, 56 NE 743, 48 LRA 424.

*Judgment reversed and judgment for the defendant to recover its costs.*