### John D. Bricker and Elizabeth M. Bricker v. Denise Ann Walker and Eugene C. Sobeck

[428 A.2d 1129]

No. 107-80

Present: Barney, C.J., Larrow, Billings and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed February 20, 1981

*Black, Black & Shreve,* White River Junction, for Plaintiffs.

*Otterman and Allen, P.C.,* Bradford, for Sobeck.

Barney, C.J. The Brickers bought some land in Vershire from defendant Walker. The deed contained an option on some additional land ultimately purchased by defendant Sobeck. The plaintiffs claim that they exercised the option and seek title to the land or equivalent damages. The trial court found that the plaintiffs had not properly exercised any of their rights under the contract with defendant Walker and gave judgment for the defendant Sobeck. Defendant Walker did not appear or file any pleadings.

The basic facts are not in dispute. In 1974 the plaintiffs were conveyed fifty acres by defendant Denise Walker. In the deed she gave the plaintiffs both an option to purchase additional land across the road from the fifty acres, and a right of first refusal in the event the option was not exercised. The

option applied to seventy-six acres at a price of $300 per acre, amounting to a total price of $22,800. It was to be open until December 2, 1976, and exercise of the option required written notice to defendant Walker's attorney by certified mail. In the event the option was not exercised the defendant Walker bound herself to give written notice of any bona fide offer to purchase the parcel. The plaintiffs then had a right of first refusal to purchase for that price by giving written notice of their intention within thirty days to defendant Walker's attorney. The right of first refusal was to expire December 2, 1979.

The questions in this case relate entirely to the exercise of these rights. The facts disclose that on November 29, 1976, the Brickers sent a letter to defendant Walker's attorney saying that they would like to work out something with Mrs. Walker with respect to acquisition of the parcel, and discuss financing pending the sale of their home in Strafford. The letter further indicated that they would like the letter treated as an exercise of the option.

The attorney responded to the effect that he would be glad to take up the matter of financing with Mrs. Walker, but added that unless the Brickers arranged for financing on their own, he did not believe their letter was a technically correct exercise of the option. This reply came back after the time for exercising the option had expired on December 2, 1976.

An interval of time followed with sporadic communications back and forth. In July, 1977, the attorney for Mrs. Walker wrote to Mr. Bricker suggesting that he submit a draft agreement regarding the extension of the option and then the attorney would see that it was taken care of. No response was made by the Brickers. In October defendant Sobeck, a friend of the Brickers, made an offer for the land, knowing of the option and right of first refusal that the Brickers had under their deed. The attorney for Walker wrote to the Brickers that the option period had expired and the property was to be sold.

On November 9, 1977, Walker's attorney advised the plaintiffs that his client had a bona fide offer to sell the property for $21,300, amounting to a price of $280.26 per acre. That letter advised the plaintiffs that the property was being offered to them on the same terms and conditions as provided in the

right of first refusal given them in the deed of December 2, 1974.

The plaintiffs responded within the thirty-day period, but it took the form of a letter from their attorney asserting that the plaintiffs had validly exercised their original option in November of 1976. The fact that the property was now being offered to them at a lower price was not alluded to. About a year later the property was conveyed to defendant Sobeck.

The essence of an option is that it must be accepted according to its terms if it is to generate a binding contract. *Buchannon* v. *Billings*, 127 Vt. 69, 74–75, 238 A.2d 638, 642 (1968); *Hill* v. *Bell*, 111 Vt. 131, 136, 11 A.2d 211, 213 (1940). In the absence of contrary language the time for delivery is a reasonable time after acceptance of the offer, and the offer is taken to be for cash on delivery and before title passes. *Ackerman* v. *Carpenter*, 113 Vt. 77, 81, 29 A.2d 922, 924 (1943).

The trial court determined that the letter of November 29, 1976, indicating a desire to accept the option, was not an unconditional acceptance according to the terms of the option, since it looked to a financing arrangement to be worked out between Mrs. Walker and the plaintiffs if she was agreeable rather than for an offer of cash upon delivery of the deed. This view is supported by the evidence and the law, and is sustained.

The plaintiffs' rights under the first refusal provision stand no better. There is no letter giving written notice of the plaintiffs' election to exercise the right of first refusal. The letter put into evidence pointed to as fulfilling that rule is something quite different, since it rejects any approach except a claim under the original option. Since a right of first refusal in effect becomes an option with the appearance of a purchaser, other than the optionee, who is ready, willing and able to buy, it is subject to the same rules requiring performance according to its terms. As the lower court found, this simply did not occur.

*Judgment affirmed.*